**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT MARTINSBURG**

EDGEFIELD HOLDINGS, LLC,
a Delaware Limited Liability Company,

        Plaintiff,

v.

BUILDERS UNLIMITED, INC.,
a West Virginia Corporation,
CHAD E. JOHNSON, KELLY
K. JOHNSON, SIERRA G. JOHNSON,
ROBERT B. ROLLINS, II, JOHN
THOMPSON, KAYE THOMPSON,
INTERNAL REVENUE SERVICE, and
MATTHEW IRBY, in his official capacity as
the West Virginia State Tax Commissioner,

        Defendants.

CIVIL ACTION NO. 3:23-CV-47

> ELECTRONICALLY
> FILED
> 2/20/2023
> U.S. DISTRICT COURT
> Northern District of WV

**COMPLAINT**

    Plaintiff Edgefield Holdings, LLC ("Edgefield"), by and through its undersigned counsel, Bowles Rice LLP, hereby files this Complaint against Builders Unlimited, Inc. ("Builders Unlimited"), Chad E. Johnson, Kelly K. Johnson, Sierra G. Johnson, Robert B. Rollins, II, John Thompson, and Kaye Thompson (collectively "Defendants") and states in support thereof as follows:

**PARTIES**

    1.    Plaintiff Edgefield is a Delaware limited liability company with each of its members domiciled in Georgia.

    2.    Defendant Builders Unlimited is a West Virginia corporation and, upon information and belief, its principal place of business is located at 1620 Earle Road, Charles Town, Jefferson County, West Virginia.

3.    Defendant Chad E. Johnson is the President of Builders Unlimited and, upon information and belief, is a citizen and resident of Jefferson County, West Virginia.

4.    Defendant Kelly K. Johnson is the Secretary of Builders Unlimited and, upon information and belief, is a citizen and resident of Jefferson County, West Virginia.

5.    Defendant Sierra G. Johnson is, upon information and belief, a citizen and resident of Jefferson County, West Virginia and is named as a defendant in this Complaint as a transferee of certain real property alleged to have been fraudulently transferred in violation of W. Va. Code § 40-1A-1, *et seq.*  Additionally, Defendant Sierra G. Johnson is named as a defendant in this Complaint pursuant to Rule 19 of the *Federal Rules of Civil Procedure* because, in her absence, this Court cannot accord complete relief among existing parties.

6.    Defendant Robert B. Rollins, II is, upon information and belief, a citizen and resident of Jefferson County, West Virginia and is named as a defendant in this Complaint as a transferee of certain real property alleged to have been fraudulently transferred in violation of W. Va. Code § 40-1A-1, *et seq.*  Additionally, Defendant Robert B. Rollins, II is named as a defendant in this Complaint pursuant to Rule 19 of the *Federal Rules of Civil Procedure* because, he has an interest relating to the subject matter of this civil action—the Earle Road Property—and is so situated that disposing of the action in his absence would impede his ability to protect that interest.

7.    Defendants John Thompson and Kaye Thompson are, upon information and belief, citizens and residents of Jefferson County, West Virginia and are named as defendants in this Complaint as transferees of certain real property alleged to have been fraudulently transferred in violation of W. Va. Code § 40-1A-1, *et seq.*  Additionally, Defendants John and Kaye Thompson are named as defendants in this Complaint pursuant to Rule 19 of the *Federal Rules of Civil Procedure* because, they have an interest relating to the subject matter of this civil action—the

Thumper Drive Property—and are so situated that disposing of the action in their absence would impede their ability to protect that interest.

8.      Defendant Internal Revenue Service (the "IRS") is an agency of the United States of America organized to carry out the broad responsibilities of the Secretary of the Treasury pursuant to 26 U.S.C. § 7801. The IRS is interpled as a defendant in this Complaint pursuant to 28 U.S.C. § 2410(a) and Rule 22 of the *Federal Rules of Civil Procedure* solely because it was, and is, a record lienholder of Builders Unlimited's real property pursuant to two federal tax liens recorded in the land records of the of the Office of the Jefferson County Clerk at the time the real property herein described was fraudulently transferred. The first federal tax lien is recorded in Judgment Book 129, Page 220[1] and the second federal tax lien is recorded in Judgment Book 129, Page 747.[2] By naming the IRS as a defendant in this Complaint, Edgefield does not intend to assert a claim against the IRS for relief of any kind.

9.      Defendant Irby is named as a defendant in this Complaint in his official capacity as the West Virginia State Tax Commissioner. The West Virginia State Tax Department (the "State Tax Department") is an agency of the State of West Virginia organized to diligently collect and accurately assess taxes due to the State of West Virginia in support of its services and programs. Defendant Irby is interpled in this Complaint pursuant to Rule 22 of the *Federal Rules of Civil Procedure* solely because the State Tax Department was, and is, a record lienholder of Builders Unlimited's real property pursuant to three state tax liens recorded in the land records of the Office of the Jefferson County Clerk at the time the real property herein described was fraudulently

---

[1] The first federal tax lien was recorded on April 26, 2021. Its Serial Number is 429331921, and it accounts for an unpaid balance of assessment of $63,389.96.

[2] The second federal tax lien was recorded on October 13, 2021. Its Serial Number is 441471521, and it accounts for an unpaid balance of assessment of $39,808.61.

transferred.  The first state tax lien is recorded in Judgment Book 128, Page 626.[3]  The second state tax lien is recorded in Judgment Book 129, Page 589.[4]  The third state tax lien is recorded in Judgment Book 129, Page 687.[5]  By naming Defendant Irby as a defendant in this Complaint, Edgefield does not intend to assert a claim against the State Tax Department for relief of any kind.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity exists amongst the parties and the amount in controversy in this matter exceeds $75,000.00 exclusive of pre- and post-judgment interest.

11.    Because each of the above-named Defendants, upon information and belief, reside in West Virginia, this Court has personal jurisdiction over them.

12.    Because the transactions at issue concern real property located in Jefferson County, West Virginia, venue in the United States District Court for the Northern District of West Virginia is proper pursuant to 28 U.S.C. § 1391(b)(2).  Alternatively, because at least one Defendant resides in Jefferson County, West Virginia, and because all Defendants reside in the State of West Virginia, venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

### The BB&T Action

13.    On May 24, 2018, Branch Banking and Trust Company (now referred to as "Truist Bank") filed a Verified Complaint in the United States District Court for the Northern District of

---

[3] The first state tax lien was recorded on February 17, 2021.  Its Letter ID is L1903541280, and it accounts for an unpaid balance of $841.88.

[4] The second state tax lien was recorded on August 16, 2021.  Its Letter ID is L0234653216, and it accounts for an unpaid balance of $1,017.33.

[5] The third state tax lien was recorded on September 16, 2021.  Its Letter ID is L1944774176, and it accounts for an unpaid balance of $2,563.42.

West Virginia against Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson styled *Branch Banking and Trust Company v. Builders Unlimited, Inc., Chad E. Johnson, and Kelly K. Johnson*, Civil Action No. 3:18-cv-00083 (hereinafter referred to as the "BB&T Action").

14.    In its Verified Complaint, Truist Bank alleged, among other things, that Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson defaulted on various notes and guaranty agreements, and sought relief in the amount of $1,205,865.58.

15.    The parties reached a complete settlement and resolution of the claims asserted in the BB&T Action, and executed a Mediation Settlement Agreement on July 17, 2019.[6]  [Ex. 1, Mediation Settlement Agreement.]

16.    The Mediation Settlement Agreement provided, among other things, that Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson were required to pay the sum of $350,000.00 by July 17, 2021—two years from the execution date.  [*Id.* at 2, ¶ 6.]

17.    The Mediation Settlement Agreement also provided that "upon compliance with the executory provisions . . . the [Consent Judgment] shall not be recorded in the land records of Berkely or Jefferson County, West Virginia."  [*Id.* at 2–3, ¶ 6.]

18.    In any event, "[u]pon uncured violation [of the executory provisions of the Mediation Settlement Agreement]," Truist Bank could record the Consent Judgment upon the land records and enforce it as any judgment at law.  [*Id.* at 3, ¶ 6.]

19.    After the executing the Mediation Settlement Agreement, and upon joint motion of the parties, the District Court entered a Consent Judgment directing judgment in Truist Bank's favor against Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson, jointly and severally, in the amount of $1,071,099.22, plus post-judgment interest as allowed by West Virginia

---

[6] The Mediation Settlement Agreement provided for a total payment in the amount of $1,071,099.22.  [Ex. 1, Mediation Settlement Agreement at 1.]

law until paid or otherwise satisfied in accordance with the parties' Mediation Settlement Agreement.  [Ex. 2, Consent Judgment.]

20.    In addition to the monetary award set forth in the Consent Judgment, and consistent with the terms set forth in the Mediation Settlement Agreement, the District Court ordered that the Consent Judgment "shall not be recorded in the land records of Berkeley and Jefferson Counties," except "in the event of an uncured default . . . , after which, the [Consent Judgment] may be enforced as any judgment at law."  [*Id.* at 2.]

21.    At the time the Consent Judgment was entered, upon information and belief, Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson owned two parcels of real property located in Jefferson County, West Virginia:

a.    492 Thumper Drive, Ranson, West Virginia 25438 (hereinafter referred to as the "Thumper Drive Property"); and

b.    1620 Earle Road, Charles Town, West Virginia 25414 (hereinafter referred to as the "Earle Road Property").

22.    In July of 2021—the same month their obligation to pay Truist Bank $350,000.00 pursuant to the Mediation Settlement Agreement matured—Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson defaulted on the Mediation Settlement Agreement, having only paid Truist Bank $52,000.00.

23.    On July 21, 2021, Truist Bank sent Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson a Notice of Default and Opportunity to Cure ("Notice of Default"), informing them of their default of their obligations under the Mediation Settlement Agreement.[7] [*See* Ex. 3, Notice of Default and Opportunity to Cure Dated July 21, 2021.]

---

[7] Under the terms of the Mediation Settlement Agreement, Truist Bank was required to notify Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson of their default "by e-mail communication at BuildersUnlimited@frontier.net," and provide them with 24 hours to cure the default.  [Ex. 2, Notice of Default and Opportunity to Cure Dated July 21, 2021.]

24.     Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson did not cure their default, thereby causing the Consent Judgment to be recorded by Truist Bank in the land records of the Office of the Jefferson County Clerk in Judgment Book 129, Page 749 on October 13, 2021.  [Ex. 4, Recorded Consent Judgment.]

### The Thumper Drive Property

25.     At the time the Consent Judgment was entered in favor of Truist Bank and against Defendant Builders Unlimited, Builders Unlimited held a 100% ownership interest in the Thumper Drive Property.

26.     By Deed of Gift dated September 9, 2021, and recorded in the land records of the Office of the Jefferson County Clerk in Deed Book 1268, Page 446,  Builders Unlimited gifted— *for no consideration*—the Thumper Drive Property to Defendants Chad E. Johnson and Kelly K. Johnson.  [Ex. 5, Deed of Gift from Builders Unlimited to Chad and Kelly Johnson.]

27.     In orchestrating this conveyance, Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson had full knowledge and awareness of Truist Bank's judgment lien on their real property, and of Truist Bank's promise not to record the Consent Judgment pursuant to the Mediation Settlement Agreement.

28.     On that same day, Defendants Chad E. Johnson and Kelly K. Johnson gifted— *again, for no consideration*—the Thumper Drive Property to Defendant Sierra G. Johnson by Deed of Gift dated September 9, 2021, and recorded in the land records of the Office of the Jefferson County Clerk in Deed Book 1268, Page 448.  [Ex. 6, Deed of Gift from Chad and Kelly Johnson to Sierra G. Johnson.]

29.     Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson made this conveyance with full knowledge and awareness of Truist Bank's judgment lien on all of their real

property, and of Truist Bank's promise to not record the Consent Judgment pursuant to the Mediation Settlement Agreement.

30.    These gift conveyances were made just two months after Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson defaulted on their payment obligations under the Mediation Settlement Agreement.

31.    Just two days after Plaintiff Edgefield recorded its Assignment of Judgments and Loan Documents, on October 19, 2022, Defendants Builders Unlimited, Chad E. Johnson, Kelly K. Johnson, and Sierra G. Johnson recorded a Deed of Correction dated October 3, 2022 conveying the Thumper Drive Property to Defendants John and Kaye Thompson for consideration of $177,000.00.  [Ex. 7, Deed of Correction to John and Kaye Thompson.]

32.    Given that Edgefield recorded its Abstract of Judgment perfecting its judgment lien on all of Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson's real property on August 26, 2022, Defendants John and Kaye Thompson had, at the very least, constructive record notice of Edgefield's perfected judgment lien on the Thumper Drive Property.

33.    Upon information and belief, the true market value of the Thumper Drive Property in October of 2022 was approximately $270,000.00.

34.    This conveyance was made with Defendants Builders Unlimited's, Chad E. Johnson's, and Kelly K. Johnson's full knowledge and awareness of Truist Bank's perfected judgment lien on all of their real property.

35.    The Deed of Correction—which was executed over one year after the Deeds of Gift were executed—states that a purported "misapprehension" on the part of the scrivener relating to the intention of Defendant Builders Unlimited caused the Thumper Drive Property to be conveyed to Defendant Sierra G. Johnson instead of Defendants John and Kaye Thompson.  [*Id.* at 2.]

36.     Each of these conveyances were made by Defendants Builders Unlimited, Chad E. Johnson and Kelly K. Johnson with knowledge of the judgment lien held by Truist Bank on their real property by way of the Consent Judgment.

37.     Each of these conveyances were made with the intention of hindering, delaying, and defrauding Truist Bank and its successors in interest in the collection of its claims.

### The Earle Road Property

38.     At the time the Consent Judgment was entered in favor of Truist Bank and against Defendants Chad E. Johnson and Kelly K. Johnson, Chad and Kelly Johnson held a 100% ownership interest in the Earle Road Property.

39.     By Deed dated June 1, 2021, and recorded in the land records of the Office of the Jefferson County Clerk in Deed Book 1261, Page 527 on June 3, 2021, Defendants Chad. E Johnson and Kelly K. Johnson conveyed—with full knowledge and awareness of Truist Bank's judgment lien on all of their real property—the Earle Road Property to Defendant Robert B. Rollins, II, for consideration of $1,350,000.00.  [Ex. 8, Deed from Chad E. Johnson and Kelly K. Johnson to Robert B. Rollins, II.]

40.     This conveyance was made just *one month* before Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson defaulted on their payment obligations under the Mediation Settlement Agreement.

41.     Upon information and belief, the true market value of the Earle Road Property in June of 2021 was approximately $1,900,000.00.

42.     This conveyance was made by Defendants Chad. E. Johnson and Kelly K. Johnson with the intention of hindering, delaying, and defrauding Truist Bank in the collection of its claims.

43.    Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson conveyed the Thumper Drive Property and the Earle Road Property with the intention of avoiding the terms of the Mediation Settlement Agreement.

44.    Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson disposed of their ownership interests in the Thumper Drive Property and the Earle Road Property so that, after defaulting on the terms of the Mediation Settlement Agreement, Truist Bank—and, subsequently, Plaintiff Edgefield—had no adequate means to collect the amount owed pursuant to the Consent Judgment.

***Truist Bank's Assignment of Its Interest in the Consent Judgment to Edgefield***

45.    By Assignment of Judgments and Loan Documents dated May 25, 2022, Truist Bank assigned its complete interest in the Consent Judgment to Plaintiff Edgefield.  [Ex. 9, Assignment of Judgments and Loan Documents at 6–7.]

46.    On July 14, 2022, Plaintiff Edgefield filed an Abstract of Judgment in the BB&T Action, and United States District Court Clerk Cheryl Dean Riley issued an executed Abstract of Judgment that same day.

47.    On August 26, 2022, Plaintiff Edgefield recorded the Executed Abstract of Judgment in the land records of the Office of the Jefferson County Clerk in Judgment Book 133, Page 185.  [Ex. 10, Recorded Executed Abstract of Judgment.]

48.    On October 17, 2022, the Assignment of Judgments and Loan Documents was recorded by Plaintiff Edgefield in the land records of the Office of the Jefferson County Clerk in Judgment Book 133, Page 522.

## COUNT I: FRAUDULENT TRANSFER—Actual Fraud
### (*The Thumper Drive Property*)

49.     Plaintiff Edgefield restates each and every preceding paragraph, as if specifically restated herein.

50.     Plaintiff Edgefield is a "creditor" within the meaning of W. Va. Code § 40-1A-1 because it possesses a "right to payment" from Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson as assignee of Truist Bank's interest in the Consent Judgment.

51.     Defendant Builders Unlimited's conveyance of the Thumper Drive Property by deed of gift to Defendants Chad E. Johnson and Kelly K. Johnson was fraudulent under W. Va. Code § 40-1A-4(a)(1).

52.     Defendant Builders Unlimited conveyed the Thumper Drive Property to Defendants Chad E. Johnson and Kelly K. Johnson with actual intent to hinder, delay or defraud Truist Bank with respect to its right to collect pursuant to the Consent Judgment.

53.     Defendants Chad E. Johnson and Kelly K. Johnson's conveyance of the Thumper Drive Property by deed of gift to their daughter, Defendant Sierra G. Johnson, was fraudulent under W. Va. Code § 40-1A-4(a)(1).

54.     Defendants Chad E. Johnson and Kelly K. Johnson conveyed the Thumper Drive Property with actual intent to hinder, delay or defraud Truist Bank with respect to its right to collect pursuant to the Consent Judgment.

55.     Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson's conveyance of the Thumper Drive Property to Defendants John and Kaye Thompson was fraudulent under W. Va. Code § 40-1A-4(a)(1).

56.     Several of the circumstantial factors set forth in W. Va. Code § 40-1A-4(b) are present in the Thumper Drive Property conveyances.

57.    The Thumper Drive Property was conveyed by Defendants Chad E. Johnson and Kelly K. Johnson to an "insider," Defendant Sierra G. Johnson.

58.    The value of the consideration received for the Thumper Drive Property—particularly for the conveyance to Defendants John and Kaye Thompson—was substantially less than the market value of the Thumper Drive Property at the time it was sold.

59.    The Thumper Drive Property conveyances were made just two months after Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson defaulted on the Mediation Settlement Agreement.

60.    Defendants John and Kaye Thompson had, at the very least, constructive record notice of Edgefield's perfected judgment lien on the Thumper Drive Property by way of its August 26, 2022 recorded Abstract of Judgment.

61.    Pursuant to W. Va. Code § 40-1A-7, Plaintiff Edgefield, as a "creditor" of Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson, is entitled to an avoidance of the Thumper Drive Property transfer to Defendants John and Kaye Thompson to the extent necessary to satisfy its claim for the outstanding balance of the Consent Judgment of $991,280.87.

62.    Alternatively, pursuant to W. Va. Code § 40-1A-7(3)(iii), Plaintiff Edgefield, as a "creditor" of Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson, is entitled to monetary damages to the extent necessary to satisfy its claim for the outstanding balance of the Consent Judgment of $991,280.87.

### COUNT II: FRAUDULENT TRANSFER—Constructive Fraud
(*The Thumper Drive Property*)

63.    Plaintiff Edgefield restates each and every preceding paragraph, as if specifically restated herein.

64.     Defendant Builders Unlimited's conveyance of the Thumper Drive Property by deed of gift to Defendants Chad E. Johnson and Kelly K. Johnson was constructively fraudulent under W. Va. Code § 40-1A-4(a)(2) and W. Va. Code § 40-1A-5(a).

65.     Defendant Builders Unlimited conveyed the Thumper Drive Property to Defendants Chad E. Johnson and Kelly K. Johnson for no consideration and, therefore, without receiving a "reasonably equivalent value" in exchange for the Thumper Drive Property transfer.

66.     Defendants Chad E. Johnson and Kelly K. Johnson's conveyance of the Thumper Drive Property by deed of gift to their daughter, Defendant Sierra G. Johnson, was fraudulent under W. Va. Code § 40-1A-4(a)(2).

67.     Defendants Chad E. Johnson and Kelly K. Johnson conveyed the Thumper Drive Property to Defendant Sierra G. Johnson for no consideration and, therefore, without receiving a "reasonably equivalent value" in exchange for the Thumper Drive Property transfer.

68.     Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson's conveyance of the Thumper Drive Property to Defendants John and Kaye Thompson was fraudulent under W. Va. Code § 40-1A-4(a)(2).

69.     Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson received $177,000.00 in consideration from Defendants John and Kaye Thompson for the Thumper Drive Property.  This amount is substantially less than the market value of the Thumper Drive Property at the time the conveyance was made and, therefore, does not constitute "reasonably equivalent value."

70.     Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson believed, or reasonably should have believed, that they were unable to pay the balance owed pursuant to the Consent Judgment.

71.     Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson were, at the time of the Thumper Drive Property transfer, "insolvent" within the meaning of W. Va. Code § 40-1A-2 because the sum of their debts was greater than all of their assets at a fair valuation.

72.     Alternatively, Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson's transfer of the Thumper Drive Property caused them to become "insolvent" within the meaning of W. Va. Code § 40-1A-2.

73.     Defendants John and Kaye Thompson had, at the very least, constructive record notice of Edgefield's perfected judgment lien on the Thumper Drive Property by way of its August 26, 2022 recorded Abstract of Judgment.

74.     Because Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson did not receive a reasonably equivalent value in exchange for the transfer of the Thumper Drive Property, the conveyance to Defendants John and Kaye Thompson was constructively fraudulent pursuant to W. Va. Code § 40-1A-4(a)(2) and W. Va. Code § 40-1A-5(a).

75.     Pursuant to W. Va. Code § 40-1A-7, Plaintiff Edgefield, as a "creditor" of Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson, is entitled to an avoidance of the Thumper Drive Property transfer to Defendants John and Kaye Thompson to the extent necessary to satisfy its claim for the outstanding balance of the Consent Judgment of $991,280.87.

76.     Alternatively, pursuant to W. Va. Code § 40-1A-7(3)(iii), Plaintiff Edgefield, as a "creditor" of Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson, is entitled to monetary damages to the extent necessary to satisfy its claim for the outstanding balance of the Consent Judgment of $991,280.87.

## COUNT III: FRAUDULENT TRANSFER—Actual Fraud
### (*The Earle Road Property*)

77.     Plaintiff Edgefield restates each and every preceding paragraph, as if specifically restated herein.

78.     Plaintiff Edgefield is a "creditor" within the meaning of W. Va. Code § 40-1A-1 because it possesses a "right to payment" from Defendants Chad E. Johnson and Kelly K. Johnson as assignee of Truist Bank's interest in the Consent Judgment.

79.     Defendants Chad E. Johnson and Kelly K. Johnson's conveyance of the Earle Road Property by deed to Defendant Robert B. Rollins, II was fraudulent under W. Va. Code § 40-1A-4(a)(1).

80.     Defendants Chad E. Johnson and Kelly K. Johnson conveyed the Earle Road Property to Defendant Robert B. Rollins, II with actual intent to hinder, delay or defraud Truist Bank with respect to its right to collect pursuant to the Consent Judgment.

81.     Specifically, as the largest real estate asset owned by Defendants Chad E. Johnson and Kelly K. Johnson, the Earle Road Property was transferred by Defendants Chad E. Johnson and Kelly K. Johnson with their full knowledge and understanding that they were unable to satisfy the principal balance owed pursuant to the Consent Judgment.

82.     Upon information and belief, Defendants Chad E. Johnson and Kelly K. Johnson conveyed the Earle Road Property to conceal and protect the equity they had in the Earle Road Property from Truist Bank.

83.     Several of the circumstantial factors set forth in W. Va. Code § 40-1A-4(b) are present in the Earle Road Property conveyance.

84.     The Earle Road Property was transferred to Defendant Robert B. Rollins, II by Defendants Chad E. Johnson and Kelly K. Johnson just one month prior to their strategic default on the Mediation Settlement Agreement.

85.     The value of the consideration received for the Earle Road Property—particularly for the conveyance to Defendants John and Kaye Thompson—was substantially less than the market value of the Thumper Drive Property at the time it was sold.  Specifically, the Earle Road Property was sold by Defendants Chad E. Johnson and Kelly K. Johnson to Defendant Robert B. Rollins, II for $1,350,000.00 when, at the time of the sale, the market value of the Earle Road Property was approximately $1,900,000.00.

86.     Pursuant to W. Va. Code § 40-1A-7, Plaintiff Edgefield, as a "creditor" of Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson, is entitled to an avoidance of the Thumper Drive Property transfer to Defendants John and Kaye Thompson to the extent necessary to satisfy its claim for the outstanding balance of the Consent Judgment of $991,280.87.

87.     Alternatively, pursuant to W. Va. Code § 40-1A-7(3)(iii), Plaintiff Edgefield, as a "creditor" of Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson, is entitled to monetary damages to the extent necessary to satisfy its claim for the outstanding balance of the Consent Judgment of $991,280.87.

### COUNT IV: FRAUDULENT TRANSFER—Constructive Fraud
### (*The Earle Road Property*)

88.     Plaintiff Edgefield restates each and every preceding paragraph, as if specifically restated herein.

89.     Defendants Chad E. Johnson and Kelly K. Johnson's conveyance of the Earle Road Property by deed to Defendant Robert B. Rollins, II was constructively fraudulent under W. Va. Code § 40-1A-4(a)(2) and W. Va. Code § 40-1A-5(a).

90.     Defendants Chad E. Johnson and Kelly K. Johnson conveyed the Earle Road Property to Defendant Robert B. Rollins, II for $1,350,000.00, an amount that does not constitute a "reasonably equivalent value" in exchange for the Earle Road Property transfer.

91.     The purchase price of $1,350,000.00 is substantially less than the market value of the Earle Road Property at the time the conveyance was made and, therefore, does not constitute "reasonably equivalent value."  Specifically, upon information and belief, the market value of the Earle Road Property at the time the conveyance to Defendant Robert B. Rollins, II was made was approximately $1,900,000.00.

92.     Defendants Chad E. Johnson and Kelly K. Johnson believed, or reasonably should have believed, that they were unable to pay the balance owed pursuant to the Consent Judgment at the time they conveyed the Earle Road Property to Defendant Robert B. Rollins, II.

93.     At the time the Earle Road Property transfer was made, Defendants Chad E. Johnson and Kelly K. Johnson were "insolvent" within the meaning of W. Va. Code § 40-1A-2 because the sum of their debts was greater than the sum of all of their assets at a fair valuation.

94.     Alternatively, Defendants Chad E. Johnson and Kelly K. Johnson's disposition of the Earle Road Property caused them to become "insolvent" within the meaning of W. Va. Code § 40-1A-2.

95.     Because Defendants Chad E. Johnson and Kelly K. Johnson did not receive a reasonably equivalent value in exchange for the transfer of the Earle Road Property, the conveyance to Defendant Robert B. Rollins, II was constructively fraudulent pursuant to W. Va. Code § 40-1A-4(a)(2) and W. Va. Code § 40-1A-5(a).

96.     Pursuant to W. Va. Code § 40-1A-7, Plaintiff Edgefield, as a "creditor" of Defendants Chad E. Johnson and Kelly K. Johnson, is entitled to an avoidance of the Earle Road

Property transfer to Defendant Robert B. Rollins, II to the extent necessary to satisfy its claim for the outstanding balance of the Consent Judgment of $991,280.87.

97.     Alternatively, pursuant to W. Va. Code § 40-1A-7(3)(iii), Plaintiff Edgefield, as a "creditor" of Defendants Chad E. Johnson and Kelly K. Johnson, is entitled to monetary damages to the extent necessary to satisfy its claim for the outstanding balance of the Consent Judgment of $991,280.87.

## COUNT V: BREACH OF CONTRACT

98.     Plaintiff Edgefield restates each and every preceding paragraph, as if specifically restated herein.

99.     Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson entered into a Mediation Settlement Agreement—which is a valid and enforceable contract—with Truist Bank on July 17, 2019.

100.    Truist Bank fully performed all obligations it owed to Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson under the Mediation Settlement Agreement.

101.    Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson breached the Mediation Settlement Agreement by failing to pay the sum of $350,000.00 to Truist Bank within two years of the execution date of the Mediation Settlement Agreement.

102.    To date, Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson have failed to cure their breach of the Mediation Settlement Agreement, and the outstanding balance owed under the Mediation Settlement Agreement is $991,280.87.

103.    By Assignment of Judgments and Loan Documents dated May 25, 2022, Truist Bank assigned its complete interest in the Consent Judgment to Plaintiff Edgefield.

104.   Plaintiff Edgefield has been damaged as a result of Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson's continuing breach of the Mediation Settlement Agreement by failing to procure payment of the balance owed.

105.   Additionally, implicit in every contract is the parties' promise to act in good faith and deal fairly.

106.   Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson entered into a Mediation Settlement Agreement—which is a valid and enforceable contract—with Truist Bank on July 17, 2019.

107.   Truist Bank fully performed all obligations it owed to Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson under the Mediation Settlement Agreement.

108.   Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson breached the Mediation Settlement Agreement by failing to pay the sum of $350,000.00 to Truist Bank within two years of the execution date of the Mediation Settlement Agreement.

109.   To date, Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson have failed to cure their breach of the Mediation Settlement Agreement, and the outstanding balance owed under the Mediation Settlement Agreement is $991,280.87.

110.   By Assignment of Judgments and Loan Documents dated May 25, 2022, Truist Bank assigned its complete interest in the Consent Judgment to Plaintiff Edgefield.

111.   Plaintiff Edgefield has been injured as a result of Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson's continuing breach of the Mediation Settlement Agreement by failing to procure payment of the balance owed.

112.   Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson acted in bad faith and did not deal fairly with Truist Bank when they:

a.    Induced Truist Bank to refrain from recording the Consent Judgment with knowledge that they would be unable to fulfill their payment obligations under the Mediation Settlement Agreement;

b.    Fraudulently transferred all real property they owned in the months immediately preceding their strategic default on their payment obligation under the Mediation Settlement Agreement; and

c.    Failed to apply the profits made from Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson's sale of real estate to the balance owed under the Mediation Settlement Agreement.

113.    As a result of Defendants' breach of the Mediation Settlement Agreement's implied covenant of good faith and fair dealing, Plaintiff Edgefield, as assignee of Truist Bank's interest in the Consent Judgment, has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Edgefield Holdings, LLC demands judgment against Defendants Builders Unlimited, Chad E. Johnson, Kelly K. Johnson, Sierra G. Johnson, Robert B. Rollins, II, John Thompson, and Kaye Thompson as set forth below:

a.    an order avoiding the Thumper Drive Property and Earle Road Property, transfers as fraudulent conveyances pursuant to W. Va. Code § 40-1A-7(a)(1);

b.    monetary damages against Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson resulting from the fraudulent conveyances of the Thumper Drive Property and the Earle Road Property;

c.    punitive damages against Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson resulting from the fraudulent conveyances of the Thumper Drive Property and the Earle Road Property pursuant to W. Va. Code § 40-1A-7(a)(3)(iii);

d.    an award of Plaintiff Edgefield's reasonable attorneys' fees and costs against Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson in connection with their fraudulent conveyances of the Thumper Drive Property and the Earle Road Property pursuant to W. Va. Code § 40-1A-7(a)(3)(iii);

e.     monetary damages against Defendants Builders Unlimited, Chad E. Johnson, and Kelly K. Johnson for their breach of contract and breach of the implied covenant of good faith and fair dealing; and

f.     any and all other relief this Court deems just and proper.

**A JURY TRIAL IS DEMANDED.**

EDGEFIELD HOLDINGS, LLC

By Counsel,

*/s/ Zachary J. Rosencrance*
Zachary J. Rosencrance (WVSB #13040)
BOWLES RICE LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325-1386
(304) 347-1100
Fax: (304) 347-1756
zrosencrance@bowlesrice.com

15384557.3